SOUTH BEND WHOLESALE GROCERY CO. *v.* WENY.

SALES—CONTRACT—BREACH OF CONTRACT.

> In an action for the breach of a contract for the sale of six car loads of vinegar, where the defense was that plaintiff's contract was with a corporation and not with defendants, the finding of the court below in favor of plaintiff, *held*, supported by the record.

Error to Allegan; Vanderwerp (John), J., presiding. Submitted April 4, 1923. (Docket No. 31.) Decided June 4, 1923.

Assumpsit by the South Bend Wholesale Grocery Company against Charles A. Weny and Fred I. Chichester, copartners as the Allegan Cider & Vinegar Company, for breach of a contract for the sale of

vinegar.    Judgment for plaintiff.    Defendants bring error.    Affirmed.

*Charles Thew* and *Clare E. Hoffman*, for appellants.

*Louis M. Hammerschmidt* and *Wilkes & Stone*, for appellee.

CLARK, J.    The Allegan Cider & Vinegar Company was incorporated in 1907 and was engaged in the manufacture of cider and vinegar until July 26, 1911, when it entered into the following agreement:

"*Articles of Agreement,* entered into this 26th day of July, 1911, by and between the Allegan Cider & Vinegar Company, a corporation of Allegan, Michigan, party of the first part, Charles Weny of the same place, party of the second part, and F. I. Chichester of the same place, party of the third part.

"*Witnesseth,* whereas it appears desirable that the said Allegan Cider & Vinegar Company shall continue the business of making and selling cider and vinegar, and

"Whereas, the said company has no credit and no basis for credit, and is unable to secure funds with which to carry on the business upon its own responsibility, it is agreed, in consideration of rents and profits, hereinafter named, to employ the said Charles Weny to manage the business during the succeeding season of 1911 and 1912 at a salary not to exceed $15.00 per week for actual time put in; it being understood that the said Weny shall not put in any more time in the employ of said company than is necessary for the proper conduct of the business, and further that whenever common labor is needed to be performed in connection with the business, he will employ such labor at the going price for such common labor, instead of doing the work himself at the agreed price for his services.

"It is further agreed that all expenses of the business during the term of this agreement, including taxes and repairs upon the property of the said Allegan Cider & Vinegar Company, shall be treated as an ex-

pense, payable out of the funds provided for the season's run.

"It is further agreed that the funds for handling of the season's business shall be furnished by the said Charles Weny, party of the second part, and the said F. I. Chichester, party of the third part, and that all property and products, paid for out of said funds, together with all accounts receivable, representing sales of the same, shall be and remain the property of the said Weny and Chichester in the proportion of said advances so long as such sums so advanced shall remain unpaid.

"It is further agreed that after payment of all expenses of operation and the repayment of all money borrowed for the season's operation, the balance remaining shall be divided equally between the Allegan Cider & Vinegar Company, the said Charles Weny and the said F. I. Chichester. Said amount to be paid to the first party being in full of rental of its plant and property for the said season of 1911-12.

"It is further agreed that all money shall be paid out on the checks of the said F. I. Chichester, as secretary of the said Allegan Cider & Vinegar Company, and all sales shall be approved and collections therefor made by him.

"The period of this lease shall be one year from date hereof. If at the expiration of the said period, the product of the said season 1911-1912 shall not have been entirely disposed of, the parties hereto may continue to occupy the premises of the said company for a reasonable length of time thereafter, but in such manner as not to interfere with the handling of the plant during the succeeding season in such manner as the said company may deem best.

"In witness whereof the parties hereto have hereunto set their hands and seals the day and year first above written.

"The Allegan Cider & Vinegar Co.,

"By Wm. G. Born, Vice-President,

"Ch. Weny,

"F. I. Chichester."

Beyond its term the agreement was continued at least to and including September 28, 1917. Trading

by defendants was in the name of Allegan Cider &
Vinegar Company.     The plaintiff entered into the
following contract:

"ALLEGAN CIDER & VINEGAR COMPANY
"Allegan, Mich.
"December 4, 1916.
"It is hereby agreed by and between the Allegan
Cider & Vinegar Company, Allegan, Michigan, and the
South Bend Wholesale Grocery Company, South Bend,
Indiana, as follows:
"The Sellers agrees to furnish the Buyers six cars
of 40 grain cider vinegar, covering next year's re-
quirements, at a price of 11c f. o. b. South Bend,
Indiana.     Shipments to be taken out as needed by
the Buyers between the above date and November 1,
1917.
"Terms 2% cash in ten days, 30 days net.
"SOUTH BEND WHOLESALE GROCERY COMPANY,
"C. A. HISEY.
"ALLEGAN CIDER & VINEGAR COMPANY,
"C. A. WENY."

which contract was later extended:

"ALLEGAN CIDER & VINEGAR COMPANY
"Allegan, Mich.
"September 28, 1917.
"SOUTH BEND WHOLESALE GROCERY COMPANY,
"SOUTH BEND, INDIANA.
"*Gentlemen:* In consideration of you agreeing to
extend delivery under our contract of the 4th day
of December, 1916, we hereby agree to ship and de-
liver to you the remaining three cars of 40 grain
cider vinegar as follows:
"One car on or before the 15th day of November,
1917, and the remaining two cars on or before the
1st day of January, 1918.
"ALLEGAN CIDER & VINEGAR COMPANY,
"By (Signed) : C. A. WENY,
"Secretary-Treas. and
Manager.
"Accepted:
"SOUTH BEND WHOLESALE GROCERY COMPANY,
"By C. A. HISEY, Manager."
223—Mich.—18.

The three cars were not delivered. Plaintiff claiming damages for breach of the contract brought suit against both Weny and Chichester, as copartners trading under the above name. The cause was tried without a jury. The judge made findings. Plaintiff had judgment.

Defendants on error contend that plaintiff's contract was with the corporation not with them and that the breach, if any, was that of the corporation, not that of defendants. The trial judge found that defendants traded as copartners, were in fact such, and that they contracted with plaintiff and that they breached the contract. The agreement shows that defendants leased the cider and vinegar plant from the corporation, the rental to be one-third of the profits for the term. The provisions of the agreement as to wages, expenses, and the handling of funds were for its protection and to make more certain the payment of a rental. The agreement is capable of no other interpretation. But on the theory of construction, a resort to the facts shows that the defendants understood that the corporation was not to stand any loss under the agreement, that defendants contributed the funds for the business and were to stand all losses, that they traded as copartners under the same name as the corporation, and that for the years covered by the agreement, except one, Chichester, as an officer of the corporation, filed annual reports with the secretary of State stating that the property of the corporation had been leased. The findings of the trial judge are sustained by the proofs.

Judgment affirmed.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.